Record. "Action for tolls. Demand, $31 811/2. November 5, 1828. The deft. appears and confesses judgment for debt, thirty-one 81-100 dues and costs. $31 81."
Exception. That the justice had no power to record a confession of judgment without process.
Wales. This is a special jurisdiction, limited to the grant. We must look to the law, therefore, for the justice's authority. The act gives to justices of the peace jurisdiction in certain claims, and prescribes the form of exercising that jurisdiction on suits regularly instituted either by capias or summons, and so proceeding to judgment. In the course of such proceedings the justice has authority to render judgment either by default or on confession. These preliminary forms are all useful checks on the magistrate. If he may enter a judgment without previous process, such judgment depends altogether on the truth of his own statement. No previous proceedings; no cause of action filed; nothing spread upon the record by which you can test either his jurisdiction or the correctness of his judgment. He says that the deft. authorized him to record such a judgment, and there is an end to all further inquiry. If the legislature meant to confer this power, they would undoubtedly have provided that the party confessing the judgment should sign it. The special authority given to the justice to enter judgment without process, on notes containing a warrant authorizing an entry of such judgment, proves my position. 1 BinneyR. 105; Allworthy vs. Dawson; Big. 337. If this power, nay, the much greater power of entering judgments not only on notes and other written instruments, but on verbal confession, had existed before, there would have been no necessity for this special provision in the case of judgment notes. And the grant of authority even in this case is specially guarded; the note shall be filed with the justice, and the deft. is permitted, on denying it by affidavit or setting forth any just defence, to have the judgment set aside and be let into a trial of the whole case.
Hamilton. The objection made here is to the truth of the record, which can only be taken in a different proceeding: an action against the justice for a false return. The exception is nothing else than a denial of what the justice has certified to; namely, that the deft. did appear before him in person and confess a judgment for this amount. Which will the court take? The deft.'s denial or the justice's certificate. And it is not competent for the party himself to set up this objection. He cannot controvert his confession; he is concluded by his own act. It was simply the case of parties appearing before a justice, to save expense waiving all previous proceedings, and the deft. confessing a judgment for the amount actually due. Consensus tollit errorem, if there was any error in the case; and he ought not now to be permitted to retract that consent. *Page 367 
 The court. If a party could appear and confess judgment before a justice in person, he could also appear by attorney, which, before the late act of assembly, we all agree he could not. That act does not extend beyond the case of a written warrant authorizing the entry of judgment, and does not give power to enter judgment otherwise. It is also specially guarded to afford relief where the warrant is denied. The question is important in principle, considering the nature of this jurisdiction. It cannot be derived from the agreement of the parties. Consent cannot give jurisdiction. If it is to be derived from the law, it ought to be expressly given. The grant of jurisdiction to these inferior tribunals should be taken strictly. In our opinion, the power to take confessions of judgments without previous proceedings is not given, except in case of note and warrant, and we think it would be a dangerous power.
 Judgment reversed.